IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYGAN MARTINEZ CLARITA, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-26-2258<br>Related Case: DKC-26-1841 |
| PRINCE GEORGE'S CO. MD.,<br>MARYLAND DEPT. OF PUBLIC SAFETY AND CORR. SERVICES,<br>WARDEN C. FRIDAY,<br>RECORDS OFFICIALS, | *<br>*<br>* | |
| Defendants | * | |

***

**MEMORANDUM OPINION**

Self-represented Plaintiff Raygan Martinez Clarita filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed in forma pauperis which the court now grants. ECF No. 2.[1] For the reasons stated below, the Complaint will be dismissed.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this court to conduct an initial screening of complaints filed by prisoners and to dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez*, 590 U.S. ___, 140 S.Ct. 1721 (2020).

Mr. Clarita is seeking damages for the failure to apply approximately 43 days of pretrial detention credit to his sentence, resulting, purportedly, in his being unlawfully detained beyond the expiration of his term of confinement. ECF No. 1 at 6. He asserts that he notified prison officials and the court repeatedly of the error through written motions, grievances, and other communications that he was being held beyond his release date, but they failed to take corrective

[1] The Complaint is dated May 8, 2026, was placed in outgoing Inmate Mail on June 1, 2026, and was received for filing on June 4, 2026.

action. *Id*. He states that on January 17, 2024, he was arrested in connection with criminal case number C-16-CR-24-000243 in Prince George's County, Maryland, where he remained in pretrial detention until he was sentenced on July 11, 2024. ECF No. 1 at 8. When he was sentenced, however, he was not awarded any pretrial detention credit. *Id*. He states that on November 14, 2025, an amended commitment record was issued but it also did not award him any pretrial detention credit. *Id*.

In Mr. Clarita's related Petition for Writ of Habeas Corpus, the facts regarding his pretrial detention and his term of confinement were clarified.[2] *See Clarita v. Warden*, Civil Action DKC-26-1841 (D. Md. 2026) (hereinafter *Clarita I*). On February 14, 2024, Mr. Clarita was sentenced in the Circuit Court for Montgomery County, Maryland in case number C-15-CR-23000830 as follows: 15 years, all but five years suspended on count 3 of that case and 15 years, all but five years suspended on count 4 to run consecutively to count 3. *Clarita I* at ECF No. 6-1 at 1. The court did not award any pretrial detention credit against this term of confinement. Therefore, the 10-year term began on the date it was imposed, February 14, 2024. *Id*.

On July 11, 2024, he was sentenced in the Circuit Court for Prince George's County, Maryland to five years concurrent to any outstanding sentence. This sentence also began to run on the date it was imposed, according to the commitment record issued by the court. *Clarita I* at ECF No. 6-2 at 1.

Both the Montgomery County and Prince George's County courts modified Mr. Clarita's sentences. On March 26, 2026, the Montgomery County court vacated count 4 in case number C-15-CR-23000830 and, as to count 3, imposed a sentence of "20 years suspend all but 774 days

[2] Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." All evidence submitted in *Clarita I* are State court records.

DOC with credit for 774 days time served." *Clarita I* at ECF No. 6-4 at 2.[3] On April 27, 2026, the Prince George's County court modified the five-year sentence it imposed, giving it a starting date of January 17, 2024, backdating the start date for this sentence by 176 days to account for the time Mr. Clarita spent in pretrial custody. *Clarita I* at ECF No. 6-5 at 1.

The modification of Mr. Clarita's sentences meant that his new expiration date was January 17, 2029, and the 985 days of diminution of confinement credits he received were subtracted from that date, resulting in his release from the custody of the Maryland Division of Correction ("DOC") on May 8, 2026. *Clarita I* at ECF No. 6-7. Within the context of his habeas case, Mr. Clarita did not dispute that he was released from DOC custody on May 8, 2026; rather, he disputed the number of diminution of confinement credits awarded to him by the DOC.

Mr. Clarita's claim for damages fails for several reasons. The only proper Defendant he has named is Warden C. Friday; the remaining Defendants are not "persons" within the meaning of 42 U.S.C. § 1983. Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The claim against Warden Friday and any other correctional employee Mr. Clarita might name also cannot be sustained. The relief Mr. Clarita sought from correctional officials in connection with receiving pretrial detention credit is relief that is only available from the state court that sentenced him pursuant to Md. Code Ann., Crim. Proc. § 6-218(e) and, to the extent that pretrial detention credit owed to Mr. Clarita was not awarded to him by a sentencing court, his

---

[3] Notably, Mr. Clarita's five-year sentence from Prince George's County, with an expiration date of July 11, 2029, was still in place on the date the Montgomery County sentence was modified.

remedy is to file a motion to correct an illegal sentence pursuant to Md. Rule 4-345(a). Any fault for the failure to credit Mr. Clarita with pretrial detention time would have been with the sentencing court, an entity not subject to suit for damages. However, in this instance, the five-year term imposed by the Circuit Court for Prince George's County was concurrent with a longer sentence and, initially, had no effect on his release date due to the later expiration date of his 10-year sentence from the Circuit Court for Montgomery County. Thus, there was no impropriety in the manner in which the sentence was imposed by the Circuit Court for Prince George's County. Any claim against Warden Friday, or any other correctional employee who was notified of Mr. Clarita's complaint, is without merit as none had the ability to provide the remedy he requested.

Lastly, based on the evidence produced in *Clarita I*, Mr. Clarita was not held beyond his lawful release date based on the failure to provide him with pretrial detention credit. Further, the Constitution itself does not create a protected liberty interest in the expectation of an early release from prison, *i.e.*, on a date prior to the maximum expiration date of the last sentence to expire. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

For these reasons, the Complaint will be dismissed for failure to state a claim by separate Order which follows.

September 29, 2026

/s/

DEBORAH K. CHASANOW
United States District Judge